**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

TIMOTHY A. DAY,

    Petitioner,

v.                                    CASE NO. 8:06-CV-1554-T-30TBM
                                         Criminal Case No. 8:03-CR-152-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

# ORDER

**BEFORE THE COURT** is Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. #1), the Government's Response in Opposition (CV Dkt. #8) and Petitioner's Reply thereto (CV Dkt. #10).

## Background

Petitioner was charged in a forty-eight count indictment with one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371 and forty-seven counts of mail fraud in violation of 18 U.S.C. § 1341. (CR Dkt. #1). Following a jury trial,[1] Petitioner was convicted of the conspiracy charge and forty-three of the mail fraud charges[2] (CR Dkt. #144). He was sentenced to a total term of imprisonment of 121 months followed by three years

---

[1] Petitioner was tried jointly with codefendants Donna R. Day and Edward A. Hallock. Three other codefendants, Jeremy K. Hoelzel, Donna R. Oglesby and Robert A. Gonyo entered guilty pleas prior to trial. *See* CR Dkts. #106, #122, #139.

[2] During the trial, the Government moved to dismiss Counts Two, Twenty-Five, Thirty-Eight and Forty-Eight. The Court granted the Government's motions. *See* CR Dkt. #140.

supervised release and a special monetary assessment of $4,400.00 (CR Dkt. #195).[3] Petitioner's conviction and sentence were affirmed on direct appeal. *See* CR Dkt. #281; *United States v. Day*, 405 F.3d 1293 (11th Cir. 2005); *cert. denied*, *Day v. United States*, – U.S. –, 126 S.Ct. 432 (2005); *reh'g denied* 126 S.Ct. 1125 (2006). Petitioner's motion pursuant to 28 U.S.C. § 2255 was received by the Court on August 23, 2006 (CR Dkt. #328; CV Dkt. #1).

In his motion, Petitioner raises the following claims for relief[4]:

(1) insufficiency of the evidence to support a guilty verdict;

(2) the Court violated his constitutional rights under the Fifth, Sixth and Fourteenth Amendments by: (a) suggesting questions to be asked of a particular witness and (b) by its response to a question from the jury during its deliberations;

(3) the Government committed a *Brady* violation by failing to disclose information relating to the interview of a witness;

(4) his sentence is illegal under the Sixth Amendment and *Winship, Apprendi, Jones* and *Ring*;

(5) his attorney rendered ineffective assistance in failing to preserve a *Blakely/Booker* argument for appeal;

(6) the verdict violated his rights under the Fifth, Sixth and Fourteenth Amendments;

---

[3] Petitioner was sentenced to a term of imprisonment of sixty months on Count One, thirty months on Count Three to run consecutively to Count One, and thirty-one months on Counts Four through Twenty-Four, Twenty-Six through Thirty-Seven, and Thirty-Nine through Forty-Seven to run concurrently with each other but consecutively to Counts One and Three.

[4] Petitioner numbered and/or lettered his claims differently in his § 2255 motion. The Court has renumbered and consolidated them in an effort to address Petitioner's individual claims efficiently.

> (7)     his trial attorney rendered ineffective assistance in providing an inaccurate estimate of Petitioner's potential sentence;
>
> (8)     his right to a speedy trial was violated; and
>
> (9)     the Court erred in imposing a consecutive sentence and miscalculated the amount of his special assessment.

(CV Dkts. #1, #2).

## Standard of Review

Title 28, United States Code, Section 2255 provides the framework for reviewing a federal prisoner's sentence under four circumstances: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Collateral relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988). Generally, only constitutional claims, jurisdictional claims and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable in a § 2255 motion for relief. *See United States v. Addonizio*, 442 U.S. 178, 184-86, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

**PROCEDURAL DEFAULT - CLAIMS ONE, TWO(b), FOUR, SIX, EIGHT AND NINE**

In Claim One of his § 2255 motion, Petitioner alleges the Government failed to prove beyond a reasonable doubt that he used the proceeds from the scheme to defraud for personal expenditures, and that Joseph Lee Edwards, a witness for the Government, perjured himself when he testified at trial about the disposition of cash proceeds Petitioner received from the scheme. He claims that Edwards's actions violated his rights under the Fifth, Sixth, Eighth and Fourteenth Amendments.

In Claim Two(b), Petitioner alleges the Court violated his constitutional rights when it responded to a question from the jury during its deliberations. Specifically, Petitioner claims that during deliberations, the jury asked for the legal definition of a professional solicitor. Petitioner claims the Court answered by stating that "[the jury] must rely on your own collective understanding of the term." He alleges that the Court should have responded by advising the jury to rely on the testimony and evidence presented at trial rather than referring the jury to its own understanding of this particular term. Petitioner claims the Court's response violated his rights to a fair trial and due process.

In Claim Four, Petitioner alleges his sentence is illegal under the Fifth, Sixth and Fourteenth Amendments and *Winship, Apprendi, Jones* and *Ring*. Petitioner asserts that the federal sentencing scheme violated his right to have the jury find "the existence of 'any particular fact' that the law makes essential to his punishment." He claims this right was implicated when the Court imposed a sentence that was not based solely on facts reflected

in the jury's verdict or admitted by Petitioner.

In Claim Six, Petitioner asserts that the verdict violated his rights under the Fifth, Sixth and Fourteenth Amendments because it resulted in "ultimate unfairness" by "utilizing the substantive counts to give a consecutive and illegal sentence."

In Claim Eight, Petitioner alleges that his rights under the Speedy Trial Act (the "Act") were violated because approximately one hundred and ten days beyond the Act's seventy day rule elapsed between the date he was arraigned and the commencement of trial.

In Claim Nine, Petitioner asserts that the Court erred in imposing a consecutive sentence and miscalculated the amount of his special assessment.  Specifically, Petitioner claims that under the "grouping provisions" of the United States Sentencing Guidelines, his charges should have been grouped together such that he should have been sentenced on the conspiracy or any of the substantive counts to a maximum total term of imprisonment of five years.  He further contends that neither 18 U.S.C. § 371 nor 18 U.S.C. § 1341 provides for a term of supervised release.  Finally, he claims that any special assessment should run concurrently in accord with his sentence such that the total amount of his assessment should be $300.00 rather than $4,400.00.

Petitioner did not raise any of these issues on direct appeal.  *See* CR Dkt. #281. Section 2255 is not intended to be a substitute for direct appeal.  *See Lynn v. United States*, 365 F.3d 1225, 1234-35 (11th Cir. 2004); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) *cert. denied*, 514 U.S. 1112 (1995).  Generally, available challenges to a criminal conviction or sentence must be advanced on direct appeal or else they will be considered

procedurally barred in a § 2255 proceeding. *See Cummings v. United States*, 2005 WL 1669015 at *2 (M.D. Fla. 2005) (*citing Mills*, 36 F.3d at 1055). Relief under 28 U.S.C. § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Richards*, 837 F.2d at 966 (quoting *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981)). A petitioner can, however, overcome his procedural default of claims not raised on direct appeal. *See United States v. Smith*, 2006 WL 2578919 at *17 (N.D. Ga. Sept. 5, 2006). "[N]onconstitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in the miscarriage of justice or an omission consistent with the rudimentary demands of fair procedure." *Id.* (*citing Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998)). Constitutional claims may be considered if a petitioner can "show cause excusing his failure to raise the issues previously and actual prejudice resulting from the errors." *Id. (citing Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990)).

To show cause for not raising a claim on direct appeal, Petitioner must show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim previously. *Lynn*, 365 F.3d at 1235 , n. 20 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Receiving ineffective assistance of counsel may establish cause to excuse procedural default. *See Hansen v. United States*, 2006 WL 2375365 at *7 (M.D. Fla. Aug. 16, 2006) (*citing Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003)). To show prejudice, Petitioner must demonstrate that "errors at trial

actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal citations omitted). Moreover, when a petitioner maintains that ineffective assistance of counsel was the cause of the procedural default, the petitioner must establish that counsel's assistance "actually prejudiced" the case. *See Hansen*, 2006 WL 2375365 at *7 (*citing Reece v. United States*, 119 F.3d 1462, 1468 (11th Cir. 1997)). To establish actual innocence, Petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. This means factual innocence, not mere legal insufficiency. *See Bousley*, 523 U.S. at 623-24.

Respondent argues that Claims One, Two(b), Four, Six, Eight and Nine are procedurally defaulted because Petitioner did not raise these claims on direct appeal in his criminal case and has not demonstrated any basis for overcoming his default. Upon review, the Court agrees.

As to Claim One that the Government failed to prove beyond a reasonable doubt that Petitioner used the proceeds from the scheme to defraud for personal expenditures and that a witness for the Government perjured himself, Claim Eight that his rights under the Speedy Trial Act were violated, and Claim Nine that the Court erred in imposing a consecutive sentence and miscalculated the amount of his special assessment, such claims are non-constitutional in nature and do not provide a basis for collateral relief absent a showing that

a denial of relief would result in a miscarriage of justice.[5] *See, e.g., Alicea-Torres v. United States*, 2006 WL 2849846 at *7 (D.P.R. 2006); *Hammouda v. United States*, 2006 WL 941759 at *3 (E.D.N.Y. 2006). Petitioner has not made this requisite showing. Accordingly, the Court finds that Claims One, Eight and Nine of Petitioner's motion are not cognizable on collateral review and relief will be denied.

As to Claims Two(b), Four, and Six, Petitioner points to no external impediment that prevented him from raising any of these issues on appeal. *See Lynn*, 365 F.3d at 1235, n. 20. Even if the Court were to construe his allegations as alleging such, he cannot demonstrate prejudice. Specifically, as to Claim Two(b), Petitioner provides no legal authority to support his argument that the Court erred in its response to the jury's question regarding the definition of a professional solicitor. Petitioner has not provided this Court with any justification as to why or how the Court's response to the jury question was erroneous, nor has he provided any legal authority to support his contention. Rather, he simply asserts that the Court should have given a different answer to the jury's question. Even assuming *arguendo* that another response would have been more appropriate, that alone does not render the Court's actual response inappropriate, much less erroneous. Petitioner cannot demonstrate that the Court's response actually and substantially disadvantaged his defense so that he was denied fundamental fairness. *See Wright*, 169 F.3d at 706. Accordingly, he cannot overcome his procedural default of this claim and relief will be denied. *See id.; Lynn*,

---

[5] In Claim Eight of the instant motion, Petitioner raises his speedy trial claim under the Speedy Trial Act rather than the Sixth Amendment. Accordingly, this claim is statutory in nature rather than constitutional. *See United States v. Wells*, 160 Fed.Appx. 885 (11th Cir. 2005).

365 F.3d at 1235.

As to Claim Four, Petitioner claims that his constitutional rights were violated at sentencing when the Court "...imposed a sentence that was not based solely on facts reflected in the jury verdict or admitted by [Petitioner]." Specifically, he equates sentence enhancements to elements of an offense and claims that certain facts[6] relied upon by the Court at sentencing violated his Sixth Amendment rights. As support for his contention, Petitioner relies upon the decisions in *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 358 (1970), *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999); *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).[7]

Petitioner's argument is meritless. As a threshold matter, to the extent Petitioner relies on the decision in *Apprendi* to support this claim, such reliance is misplaced. In a case where the defendant's sentence is at or below the statutory maximum penalty provided by statute[8],

---

[6] Petitioner asserts that the facts that his "...offense of conviction involved more than fifty victims, the offenses [sic] misrepresentation on [his] acting on behalf of charitable, educational, religious, or political organization [sic] that [he] knew or should have known that the victims of the offenses were vulnerable victims, that [he] was an organizer of the conspiracy of five or more conspirators and that the loss was over $600,000," were improperly determined by the Court under a preponderance of the evidence standard. *See* CV Dkt. #2.

[7] In *Winship*, the United States Supreme Court held that all persons charged with a criminal offense may be convicted only upon proof beyond a reasonable doubt of each element of the offense charged. *See Winship*, 397 U.S. at 364, 90 S.Ct. at 1073. In *Apprendi*, the United States Supreme Court confirmed the opinion stated in *Jones* that "[o]ther that the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." *Apprendi*, 430 U.S. at 490, 120 S.Ct. at 2362-63. Under *Ring*, a defendant is entitled to a jury determination of aggravating factors necessary for imposition of the death penalty. *See United States v. Denson*, 2006 WL 1451536 at *1 (N.D. Fla. May 23, 2006); *Ring*, 536 U.S. at 609, 122 S.Ct. at 2443.

[8] Title 18, Section 371 provides for a maximum term of imprisonment of five years. *See* 18 U.S.C. § 371. Section 1341 provides for a maximum term of imprisonment of twenty years in cases where the violation does not affect a financial institution. *See* 18 U.S.C. § 1341.

*Apprendi* is not implicated. *See United States v. Clay*, 376 F.3d 1296, 1301 (11th Cir. 2004) (*citing United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001) ("To repeat the oft-repeated, *Apprendi* explicitly limited its holding to facts 'that increase [ ] the penalty for a crime beyond the prescribed statutory maximum. Therefore, *Apprendi* has no effect on cases in which a defendant's actual sentence falls within the range prescribed by the statute for the crime of conviction.")). Petitioner was sentenced at or below the statutory maximum for each count of conviction and thus *Apprendi* did not apply.[9] *See* 18 U.S.C. §§ 371, 1341; CR Dkt. #195. Accordingly, because Petitioner has not shown either cause or prejudice to overcome his procedural default of Claim Four, relief will be denied.

As to Claim Six, Petitioner asserts that the verdict violated his constitutional rights because it resulted in "ultimate unfairness" by "utilizing the substantive counts to give a consecutive and illegal sentence." This claim is vague and conclusory at best. To the extent Petitioner is claiming that the Court improperly imposed a sentence in which the terms of imprisonment on some counts of conviction were to run consecutively to others, such a claim is meritless.

United States Sentencing Guideline § 5G1.2 provides, in relevant part, that where there are multiple counts of conviction,

[i]f the sentence imposed on the count carrying the highest statutory maximum is less

---

[9] To the extent that *Apprendi* confirmed the opinion in *Jones*, *Jones* does not provide any further support for Petitioner's argument. As to his reliance on *Winship*, Petitioner does not assert in Claim Four of his § 2255 motion that the elements of his underlying offenses were not proven beyond a reasonable doubt and thus this case does not advance his claim either.

> than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.

U.S.S.G. § 5G1.2(d). The United States Court of Appeals for the Eleventh Circuit has held that § 5G1.2 requires that sentences run consecutively to the extent necessary to reach a defendant's guidelines range. *See United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) (*citing United States v. Davis*, 329 F.3d 1250, 1253-54 (11th Cir. 2003) (per curium)). The record reflects that the Sentencing Guideline range determined by the Court at sentencing was 121 to 151 months. Petitioner does not dispute the Court's determination of the guidelines range. Petitioner was sentenced to a term of imprisonment of sixty months on Count One, thirty months on Count Three to run consecutively to Count One, and thirty-one months on Counts Four through Twenty-Four, Twenty-Six through Thirty-Seven, and Thirty-Nine through Forty-Seven to run concurrently with each other but consecutively to Counts One and Three, for a total term of imprisonment of 121 months. This sentence is at the minimum of the guidelines range. Thus, pursuant to § 5G1.2 and *Davis*, the Court sentenced Petitioner within the limits prescribed by relevant statutes and guidelines. *See Johnson*, 451 F.3d at 1243. Accordingly, even if Petitioner could show cause for his failure to raise this issue on direct appeal, he cannot demonstrate prejudice sufficient to overcome his default and relief on Claim Six will be denied.

Based on the foregoing, the Court finds that Petitioner has failed to demonstrate cause and prejudice sufficient to overcome his procedural default of Claims Two(b), Four and Six.

Furthermore, there is no evidence, nor does Petitioner even suggest, that he is actually innocent of the crimes for which he was convicted. Petitioner's claims are wholly unsupported by any factual evidence that the Court's actions in the course of his trial were inappropriate. Therefore, relief on these claims will be denied.

**CLAIMS TWO(a) AND THREE**

As to Claims Two(a) and Three, Respondent contends that Petitioner's claims of an alleged violation of his constitutional rights related to the questioning of a particular witness and the Government's alleged *Brady* violation were previously resolved on direct appeal and are therefore not cognizable in this § 2255 motion. Generally, claims raised and disposed of in a previous appeal are precluded from reconsideration in a § 2255 proceeding. *Davis v. United States*, 417 U.S. 333 (1974); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981). "Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under § 2255." *Nyhuis*, 211 F.3d at 1343 (*quoting United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977)); *see also Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (a § 2255 motion is "neither a recapitulation of nor a substitute" for direct appeal; absent changed circumstances of fact or law, the court will not reconsider an issue already decided on direct appeal).

A review of the record demonstrates that Petitioner previously raised the issues he now presents in Claims Two(a) and Three of the instant motion on direct appeal. Specifically, the claim raised in Claim Two of his § 2255 motion, the Court violated his constitutional rights under the Fifth, Sixth and Fourteenth Amendments by suggesting

questions to be asked of a particular witness, and the claim raised in Claim Three that the Government committed a *Brady* violation by failing to disclose information relating to the interview of a witness were raised on direct appeal (CV Dkt. #8, Exs. 2-4, CR Dkt. # 281). The Eleventh Circuit rejected these claims and affirmed Petitioner's conviction (CR Dkt. #281). Accordingly, the Court finds that the issues raised in Claims Two(a) and Three of Petitioner's § 2255 motion are procedurally barred due to prior resolution by the Eleventh Circuit and cannot be re-litigated on collateral review.

**CLAIMS FIVE AND SEVEN**

In Claim Five, Petitioner alleges that his attorney was ineffective in failing to raise an *Apprendi* issue on direct appeal and also seeks to have the Court "address the impact of *Booker*/*Blakely* on [his] sentence as the Eleventh Circuit Court of Appeals was supposed to do." The Sixth Amendment protects a defendant's right to the effective assistance of counsel during criminal proceedings against him. To prevail on a claim of ineffective assistance of counsel, Petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must demonstrate that his attorney's "representation fell below an objective standard of reasonableness" considering the circumstances as they existed at the time of representation. *Id.* at 687-88. This requires him to overcome a strong presumption that his attorney's performance was within the range of competence demanded of attorneys defending criminal cases. *Id.* at 689. Second, even if Petitioner can show that counsel performed incompetently, he must also show that he was prejudiced in such a manner that, but for counsel's errors, there exists a reasonable probability that the outcome

of the proceeding would have been different. *Id.* at 688, 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceedings. *Id.* at 694.

In assessing a lawyer's performance, "[c]ourts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001). "The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." *Van Poyck v. Fla. Dept. of Corrections,* 290 F.3d 1318, 1322 (11th Cir. 2002) *(citing Chandler*, 218 F.3d at 1315). Counsel's trial strategy cannot be second guessed, as "judicial scrutiny of counsel's performance must be highly deferential." *Chandler,* 218 F.3d at 1314 (*quoting Strickland,* 466 U.S. at 689). Tactical decisions within the range of reasonable professional competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983). Moreover, where the record is incomplete or unclear about counsel's actions, it is presumed that counsel exercised reasonable professional judgment. As counsel's trial strategy is presumptively reasonable, the determination is not "that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not do a specific act." Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." *Chandler,* 218 F.3d at 1314-15.

In Claim Five, the gravamen of Petitioner's claim appears to be that his attorney was ineffective in failing to raise a *Blakely/Booker*[10] argument on direct appeal. It further appears that Petitioner argues that his attorney, by virtue of being cognizant of the decision in *Apprendi*, should have preserved a *Blakely/Booker* argument by raising this issue at sentencing.[11] Petitioner's sentencing hearing occurred on January 23, 2004. *See* CR Dkt. #187. The decision in *Blakely* was announced on June 24, 2004, and the decision in *Booker* was announced on January 12, 2005. As such, it appears that Petitioner asserts that his attorney was deficient in failing to make a prospective argument based on an anticipated change in the law. Based on binding precedent in the Eleventh Circuit, Petitioner is not entitled to relief on such a claim.

In *United States v. Ardley*, the Eleventh Circuit clearly stated in "this circuit, we have a wall of binding precedent that shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel." 273 F.3d 991, 993 (11th Cir. 2001) (*quoting Spaziano v. Singletary*, 36 F.3 1028, 1039 (11th Cir. 1994) ("We have held many times that '[r]easonably effective representation cannot and does not

---

[10] In *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the United States Supreme Court applied *Apprendi* to a state sentencing guidelines sentence and held "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *See Blakely*, 542 U.S. at 303, 124 S.Ct. at 2537. In *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court held that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. *See Booker*, 543 U.S. at 236-42.

[11] Specifically, Petitioner states in his motion that "Day's lawyer was ineffective for failing to raise Day's Sixth Amend. [sic] issue to preserve it of which Day's counsel showed he was aware of Apprendi. ... But for some unknown reason Day's counsel failed at sentencing by not raising the issue at least as Day did in Ground Four." *See* CV Dkt. #2. To the extent that Petitioner's claim can be read to assert that ineffective assistance of counsel is cause to excuse his default on "Ground Four", he has not demonstrated that counsel rendered constitutionally deficient assistance as discussed *infra*.

include a requirement to make arguments based on predictions of how the law may develop.'") (internal citations omitted); *Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997) ( "[i]t was not professionally deficient for [counsel] to fail to anticipate that the law in Florida would be changed in the future to bar the admission of hypnotically induced testimony."); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n. 8 (11th Cir. 1986) ("defendants are not entitled to an attorney capable of foreseeing the future development of constitutional law.")). This rule is applicable even if the claim based upon anticipated changes in the law was reasonably available at the time the attorney failed to raise it. *See Ardley*, 273 F.3d at 993.

Trial attorneys are not required to be clairvoyant to effectively represent criminal defendants. There is no evidence before the Court that Petitioner's attorney knew or should have known that the decision in *Blakely or Booker* would have any bearing whatsoever on Petitioner's sentencing some six months and one year, respectively, before those decisions were issued. Accordingly, the Court finds that Petitioner is not entitled to relief on this claim.

In Claim Seven of his § 2255 motion, Petitioner alleges his attorney rendered ineffective assistance in providing an inaccurate estimate of Petitioner's potential sentence. He contends that his attorney advised him that "the most they can give [him] is five years if convicted on one or all 48 counts." *See* CR Dkt. #2. Consequently, Petitioner claims he was unable to make an informed decision about accepting a plea offer, pleading guilty or proceeding to trial.

As a threshold matter, Petitioner offers no factual basis to support his contention.[12] Moreover, he does not even suggest that he would not have proceeded to trial had his attorney not provided allegedly erroneous information. There is no evidence, nor does Petitioner allege that the Government offered him a plea bargain at any time prior to trial. Thus his claim, to the extent it can be construed to assert that this alleged error by counsel would have hypothetically affected his decision to reject or accept a plea bargain, is meritless because it was not applicable in his criminal case.[13] Even assuming, *arguendo*, that any alleged miscalculation by counsel amounted to deficient performance, Petitioner has made no showing that such action prejudiced him in any way. Accordingly, relief on this claim will be denied. *See Strickland*, 466 U.S. at 688, 697.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, and close this case.

---

[12] Petitioner premises his claim on the holding in *United States v. Hererra*, 412 F.3d 577 (5th Cir. 2005). In *Hererra*, the court held that an attorney's underestimation of defendant's sentence by twenty-seven months would represent deficient performance and that remand was warranted for an evidentiary hearing to determine whether defendant relied on his attorney's misrepresentations in deciding to reject the Government's plea offer. *See id. Hererra* is factually distinguishable from the instant case in that no plea offer was presented to Petitioner and thus he did not rely upon his attorney's sentence estimate in deciding to accept or reject such an offer.

[13] The Respondent states in its response that the Government never extended a plea offer to Petitioner. *See* CV Dkt. #8, p. 16.

**DONE** and **ORDERED** in Tampa, Florida on January 8, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel/Parties of Record

S:\PDF TEMP FILE\06-cv-1554.timothy day.wpd