**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

TIMOTHY DAY,

    Petitioner,

vs.                                                               Case No. 8:06-CV-1554-T-30TBM
                                                                              8:03-CR-152-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

Petitioner has filed a Notice of Appeal of this Court's May 2, 2007 decision denying his Motion to Dismiss Indictment with Complete Reversal and Release from Incarceration (CV Dkt. 19), which the Court construed as a motion for relief under 28 U.S.C. § §2255, and a request for leave to proceed on appeal *in forma pauperis* (CV Dkt. 21). The Court construes the Notice of Appeal as an application for a certificate of appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § §2253[2] (CV Dkt. 20). *See Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997).

A review of the Court's files revealed that Petitioner had previously sought federal habeas relief in this Court. Petitioner failed to show that he obtained an order from the court

---

[1] "Certificate of Appealability. (1) In a . . . 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

of appeals authorizing this Court to consider his successive motion. *See Medina v. Singletary*, 960 F.Supp. 275, 277-78 (M.D. Fla. 1997) (and cases cited therein). *See* §§2244(b)(3) and §2255. Petitioner's request for relief was, therefore, dismissed.

When the district court has rejected a motion on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling to obtain a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam). Because Petitioner has not demonstrated that he complied with the requirements of 28 U.S.C. § §§2244(b)(3) and §2255 before filing his motion, he has failed to satisfy the second prong of the *Slack* test. 529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that**:**

1. Petitioner's Notice of Appeal (CV Dkt. 19), which the Court has construed as an application for issuance of a certificate of appealability (CV Dkt. 20), is **DENIED**.

2. The request to proceed on appeal *in forma pauperis* (CV Dkt. 21) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 21, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA/jsh
Copy furnished to:
All Parties/Counsel of Record